UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

July 12, 2022

LETTER TO COUNSEL

    **Re: *Emily W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*, Civil No. AAQ-21-01194**

Dear Counsel:

    On May 16, 2021, Emily W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for disability insurance financial assistance under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 13, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    **I.    The History of this Case**

    Plaintiff filed her claim for financial assistance on August 14, 2018, alleging a disability onset date of April 18, 2018. ECF No. 13-1, at 1-2. Plaintiff was issued an initial denial of disability insurance financial assistance and her subsequent Request for Reconsideration was likewise denied. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* Following three hearings, which took place on April 22, 2020, July 20, 2020, and November 2, 2020, the ALJ determined Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame. ECF No. 10-3, at 16-29. The Appeals Council denied Plaintiff's request for review, ECF No. 10-3, at 1-3, thus, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

    The ALJ found that Plaintiff suffered from the severe impairments of "posttraumatic stress disorder (PTSD), major depressive disorder, dissociative disorder, asthma, and obesity." ECF No. 10-3, at 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> Perform medium work as defined in 20 CFR 404.1567(c), except she could occasionally lift and/or carry 25 pounds and frequently lift and/or carry 10 pounds; stand and/or walk for a total of two hours in

*Emily W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01194
July 12, 2022
Page: 2

> an eight-hour workday; sit for a total of six hours in an eight-hour workday; push and/or pull, as much as she can lift and/or carry; frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasional exposure to extreme cold and wetness; occasional exposure to workplace hazards such as moving mechanical parts and unprotected heights; frequent balancing; occasional exposure to fumes, odors, dusts, gases, and poor ventilation; and retains the ability to concentrate persist, and stay on pace with regard to performing simple 1-6 step routine, repetitive tasks where such work is performed in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with coworkers, supervisors, and the general public.

*Id.* at 23-24.

The ALJ's RFC discussion focused on the evidence supporting and undercutting Plaintiff's claims regarding the limiting effects of her alleged conditions. For example, the ALJ stated the following summarizing Plaintiff's medical records:

> [T]he claimant has a history of PTSD, major depressive disorder, dissociative disorder, asthma, and obesity. Despite allegations of debilitating symptoms, physical exams showed largely benign findings. The claimant had generally normal musculoskeletal and neurological functioning including normal range of motion, normal strength, no tenderness, intact cranial nerves, intact sensation, and no edema in the extremities. She had normal gait and station.

*Id.* at 25. The ALJ then continued to discuss the results of individual exams of the Plaintiff. *See id.* ("In September 2018, the claimant presented to the hospital with dizziness. Physical exam at the time was normal. In September 2019, the claimant reported feeling disoriented with a headache and dizziness.").

After discussing these and various other pieces of evidence in the record, the ALJ concluded that certain limitations on activities and exposures in the workplace were appropriate. The ALJ did not provide any explanation beyond listing the claimed disability, and the limitation it deemed appropriate in response to claim. *See id.* at 26 ("In light of obesity, she is further limited to frequently climbing ramps and stairs; and never climbing ladders, ropes or scaffolds."); *id.* ("She is limited to occasional exposure to extreme cold and wetness; and occasional exposure to fumes, odors, dusts, gases, and poor ventilation due to asthma."); *id.* ("She is limited to occasional

*Emily W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01194
July 12, 2022
Page: 3

exposure to workplace hazards such as moving mechanical parts and unprotected heights; and frequent balancing in light of pain and dizziness."); *id*. ("In light of PTSD, major depressive disorder, and dissociative disorder, the undersigned appropriately limits the claimant to simple 1-6 step, routine, repetitive tasks; a low stress work environment defined as requiring only occasional decision making and occasional changes in the work setting; and occasional contact with coworkers, supervisors, and the general public.").

After discussing the evidence in the record, and stating the limitations it found appropriate, the ALJ then provided a general analysis section attempting to link the evidence to discussed to the conclusions reached:

> [T]he undersigned finds that the residual functional capacity assessed herein is appropriate. Overall, the evidence generally does not support the alleged loss of functioning. First, aside from episodically occurring abnormal clinical presentations, physical and mental status exams showed largely benign findings. Second, the claimant performs robust activities of daily living, suggesting that her symptoms are not as limiting as alleged. Third, treatment was conservative and successful in alleviating symptoms. The undersigned finds that any limitations arising from the claimant's impairments are accounted for sufficiently in the residual functional capacity.

*Id*.

Ultimately, the ALJ determined that Plaintiff was unable to perform past relevant work as a customer service representative, retail assistant manager, retail sore manager, and/or weight reduction specialist. *Id.* at 27. However, the ALJ found Plaintiff could perform other jobs that exist in significant numbers in the national economy. *Id.* at 28-29. Therefore, the ALJ determined that Plaintiff did not have a disability. *Id.* at 29.

## II. Plaintiff's Arguments on Appeal

Plaintiff raises two arguments on appeal. Specifically, Plaintiff argues the ALJ: (1) erroneously assessed Plaintiff's Residual Functional Capacity ("RFC"); and (2) failed to properly evaluate Plaintiff's subjective complaints. ECF No. 13-1, at 3-14.

Plaintiff argues the ALJ failed to properly assess Plaintiff's RFC because the ALJ did not: (1) provide a narrative discussion; (2) include a limitation on Plaintiff's abilities to concentrate or persist; (3) explain how Plaintiff could maintain concentration, attention, and pace for greater than

Case 8:21-cv-01194-AAQ   Document 17   Filed 07/12/22   Page 4 of 6

*Emily W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01194
July 12, 2022
Page: 4

80 percent of the workday; and (4) explain how Plaintiff could sustain work-related activities eight hours a day, five days a week. *Id.* at 3-11.

An RFC determination occurs at step three of the sequential evaluation process. Social Security Ruling 96-8p. There, the ALJ incorporates a function-by-function assessment of a claimant's ability to do work-related activities. *Id.* The United States Court of Appeals for the Fourth Circuit has held that such a function-by-function assessment requires ALJs to evaluate "a claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As outlined in *Dowling*, every conclusion reached when evaluating a RFC should be accompanied by a "a narrative discussion" describing evidence that supports it. *Dowling,* 986 F.3d at 387 (citing *Thomas v. Berryhill,* 916 F.3d 307, 311 (4th Cir. 2019)). A proper RFC narrative is composed of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Jeffrey B. v. Saul*, No. GLS-20-1090, 2021 WL 797920, at *2 (D. Md. Mar. 2, 2021) (quoting *Dowling,* 986 F.3d at 388). Through the narrative discussion, an ALJ should "build an accurate and logical bridge from the evidence to [her] conclusion." *Jeffrey B.*, 2021 WL 797920, at *2 (quoting *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017)).

Plaintiff asserts the RFC assessment at issue here was in error, in part, because the ALJ "failed to set forth a narrative discussion" explaining how the evidence supported each conclusion. ECF No. 13-1, at 6. Plaintiff identifies, as an example, the ALJ's determination that Plaintiff was capable of "performing [a] simple 1-6 step routine, repetitive tasks where such work is performed in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting." *Id.* Plaintiff argues that the ALJ did not explain how he arrived at such a determination. *Id.* I agree with Plaintiff's assessment.

As noted, the ALJ cited various pieces of evidence relevant to Plaintiff's claims that she suffered from multiple disabilities. For example, he noted her subjective testimony of depression, anxiety, suicidal ideation, PTSD, memory loss, completing tasks, concentrating, understanding, and following instructions. ECF 10-3, at 25. He also cited to Plaintiff's medical records which displayed, at times, Plaintiff's "abnormal mental clinical presentations." *Id.* at 26. After putting forward the relevant evidence, the ALJ simply concluded that certain limitations were appropriate in response to each claim of disability. *Id.* The missing piece in the ALJ's RFC discussion was a "logical explanation" tying the appropriate evidence to each of the ALJ's conclusions regarding the appropriate responsive limitation. *See Thomas*, 916 F.3d at 311-12 ("In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion . . . ."); *Jeffrey B.*, 2021 WL 797920, at *3 (remanding where "the ALJ failed to provide a separate analysis for his conclusion that the claimant had no sitting limitations, and instead attempted to group it with his analysis of her other functional limitations."). Without such an explanation, for

Case 8:21-cv-01194-AAQ   Document 17   Filed 07/12/22   Page 5 of 6

Emily W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No. AAQ-21-01194
July 12, 2022
Page: 5

example, I have insufficient information to assess why the ALJ imposed these particular limitations to account for Plaintiff's claims of PTSD, major depressive disorder, and dissociative disorder, which the ALJ previously noted "reasonably impede the claimant's ability to concentrate, persist, and maintain pace to a moderate degree." ECF No. 10-3, at 23.

The Commissioner rebuts this argument by noting a variety of medical and non-medical evidence the ALJ used to support his finding. *See* ECF No. 16-1, at 5-8 (listing the various pieces of evidence that the ALJ cited). While the ALJ did cite multiple pieces of evidence, the evidence, by itself, is not enough. As the Fourth Circuit has explained, there is a difference between facts and a logical explanation analyzing why those facts lead to a particular result. *See e.g., Thomas*, 916 F.3d at 311 ("The second component, the ALJ's logical explanation, is just as important as the other two. Indeed, our precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."). In *Woods*, the Fourth Circuit remanded a case where the ALJ's RFC discussion was similar to the ALJ's here:

> The ALJ concluded that Woods could perform "medium work" and summarized evidence that he found credible, useful, and consistent. But the ALJ never explained how he concluded—based on this evidence—that Woods could actually perform the tasks required by "medium work," such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours. The ALJ therefore failed to build an "accurate and logical bridge" from the evidence he recounted to his conclusion about Woods's residual function capacity. On remand, the ALJ should remedy this error.

*Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Accordingly, the Commissioner's argument which focuses on the facts the ALJ considered and not any logical bridge between such facts and each of the ALJ's specific conclusions is unpersuasive.

The Commissioner, in passing, also notes that the "ALJ explained that any limitations arising from Plaintiff's impairments are accounted for sufficiently in the RFC[,]" seemingly referencing the general analysis section included at the end of the RFC discussion. ECF No. 16-1, at 5. This section of the RFC discussion provides an insufficient logical bridge for two reasons. First, as noted above, the Fourth Circuit has required that the ALJ provide a separate logical explanation for each conclusion. *Jeffrey B.*, 2021 WL 797920, at *3 ("*Dowling* stands for the proposition that where an ALJ finds multiple RFC limitations, each one must be accompanied by a narrative discussion with a separate analysis citing specific evidence that explains how it supports each of the ALJ's conclusions."). Accordingly, a brief analysis section which, at once, attempts to justify all limitations in an RFC without connecting specific evidence to specific conclusions is insufficient. Second, the Commissioner's argument ignores the placement of the discussion. The

*Emily W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-01194
July 12, 2022
Page: 6

Fourth Circuit in *Thomas* noted that an ALJ's analysis was undercut where it first stated a plaintiff's RFC and only then concluded that the limitations plaintiff cited were consistent with that RFC. 916 F.3d at 312.

As this case is being remanded on other grounds, I do not need to address Plaintiff's other arguments regarding the ALJ's failure to: (1) include a limitation on Plaintiff's abilities to concentrate or persist; (2) explain how Plaintiff could maintain concentration, attention, and pace for greater than 80 percent of the workday; (3) explain how Plaintiff could sustain work-related activities eight hours a day, five days a week; and (4) properly evaluate Plaintiff's subjective complaints. On remand, the ALJ may consider these arguments and make any required adjustments to the opinion.

### III.   Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly. An implementing order follows.

               Sincerely,

               /s/
               Ajmel A. Quereshi
               United States Magistrate Judge